IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

ABRAHAM HERSKOVITZ, on behalf of himself
and all others similarly situated.

             Plaintiffs,

v.

RUBIN & ROTHMAN, LLC and
CITIBANK (SOUTH DAKOTA) N.A.
           Defendants.

---------------------------------------------------------X

Case No.: 10-cv- 9181 (KMK)

**CLASS ACTION
AMENDED COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff, by his attorney The Law Offices of Shimshon Wexler, P.C., as and for his

complaint against the defendants, on behalf of himself and pursuant to Rule 23 of the Federal

Rules of Civil Procedure, all others similarly situated, alleges as follows:

## INTRODUCTION

1.    Plaintiff brings this action to secure redress from unlawful credit and

collection practices engaged in by defendants Rubin & Rothman, LLC ("Rubin & Rothman")

and Citibank (South Dakota) N.A. ("Citi"). Plaintiff alleges violations of the Fair Debt

Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and New York State General

Business Law §349 ("GBL 349") for deceptive practices.

2.    The FDCPA broadly prohibits unfair or unconscionable collection

methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or

misleading statements, in connection with the collection of a debt. 15 U.S.C. §§1692d, 1692e

and 1692f. The GBL §349 prohibits deceptive practices in business.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

4.      Venue and personal jurisdiction in this District are proper because:

a.      Defendants' communications were received by plaintiff within this District;

b.      Defendants do business within this District.

## PARTIES

5.      Plaintiff, Abraham Herskovitz ("Herskovitz"), is an individual who resides in Orange County, New York.

6.      Defendant, Rubin & Rothman LLC, is a limited liability corporation chartered under New York law with offices at 1787 Veterans Highway, Islandia, New York 11722.

7.      Defendant, Citibank (South Dakota), N.A., is upon information and belief, a subsidiary of Citigroup, Inc. which is a publicly traded corporation chartered under Delaware law. Citigroup, Inc. has offices located at 399 Park Avenue in New York, New York. Citibank (South Dakota), N.A. has offices located at 701 East 60th Street North, Sioux Falls, South Dakota 57117.

8.      Upon information and belief, Rubin & Rothman, LLC is a law firm engaged in the business of collecting debts allegedly owed to others and is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

9.      On or about October 30th 2010, a complaint was filed, with an index number of 12167-2010, in the Supreme Court of the State of New York, County of Orange captioned "Citibank (South Dakota) N.A. –against- Abraham Herskovitz" for $4,154.44 for breach of a credit card agreement as well as for an account stated. The complaint was signed by the law firm of Rubin & Rothman LLC. See Exhibit A.

10.     At all relevant times Rubin & Rothman was acting in concert with Citibank (South Dakota) N.A. in order to collect this debt.

11.     On or about November 10th, plaintiff received a letter from Rubin & Rothman stating the account which had been sued upon had a balance due of $4,364.44. This is a $210 increase over the amount upon which was sued. See Exhibit B.

12.     The attorney for plaintiff called Rubin & Rothman and asked why the balance was showing an increase of $210 and was told that plaintiff was now being charged $210 for the cost of the index number which is the current correct cost of an index number in the Supreme Court of the State of New York.

13.     The Uniform City Court Act § 202 provides "the court shall have jurisdiction of actions and proceedings for the recovery of money…. where the amount sought…. does not exceed fifteen thousand dollars exclusive of interest and costs."

14.     The lawsuit filed against Herskovitz could have been brought in a city court because it was seeking less than $15,000.

15.     The Civil Practice Law and Rules ("CPLR") are the applicable rules for cases brought in the Supreme Court of the State of New York.

16.     Because the action was brought against Herskovitz in the Supreme Court of the State of New York, the CPLR contains the applicable rules.

17.     The CPLR § 8102 entitled "Limitation of Costs Where Action Brought in Higher Court" states that "A plaintiff is not entitled to costs:.....

> 2. In an action brought in the supreme court in a county not within the city of New York which could have been brought, except for the amount claimed, in any court of limited monetary jurisdiction in the county, unless he shall recover five hundred dollars or more."

18.     When plaintiff received the letter from Rubin & Rothman on or about November 10th, Citibank (South Dakota) N.A. had not recovered any money as Herskovitz still had time to respond to the complaint.

19.     The letter nevertheless stated that he had a balance due of $4,364.44 which included the cost of plaintiff purchasing the index number.

20.     Charging a defendant for the costs in an action which could have been brought in a court of lower monetary jurisdiction is directly not allowed by the statute unless $500 has been recovered.

21.     Defendant's conduct was willful.

22.     It is the policy of New York to have a money action brought in the lowest court jurisdiction competent to entertain it. This policy is effectuated by certain penalties and incentives delineated in CPLR § 8102 which does not allow costs in a situation such as Herskovitz's.

23.     In conveying Exhibit A and Exhibit B, defendants sought to collect a financial obligation incurred for personal, family or household purposes, namely fees emanating from a personal credit card.

24.    Exhibit A and Exhibit B are standard form documents.

25.    More than 50 examples of Exhibit A and Exhibit B have been conveyed during the last 12 months.

26.    More than 40 examples occurred where Citibank (South Dakota) N.A. has sued in the Supreme Court of the State of New York when there is a lower competent jurisdiction to hear the case in the past 3 years.

27.    More than 40 examples occurred where Rubin and Rothman has sued for the plaintiff in the Supreme Court of the State of New York where there was a lower court of competent monetary jurisdiction to hear the case in the past in the past 3 years.

28.    Exhibit A and Exhibit B are conveyed to consumers with the knowledge and consent of defendants.

29.    Documents in the form represented by Exhibit A and Exhibit B are regularly conveyed to collect delinquent debts.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### (Against Rubin & Rothman)

30.    Plaintiff incorporates by reference paragraphs 1 through 29 of this Complaint as though fully stated herein.

31.    The conduct of Rubin & Rothman in this case violates 15 U.S.C. §§1692, 1692e and 1692f.

32.    Section 1692e entitled False or Misleading Representations provides: A debt collector may not use any false, deceptive, or misleading representation or means in

connection with the collection of any debt.  Without limiting the general application of the

foregoing, the following conduct is a violation of this section:.....

>  (2)  The false representation of-

>   (A)the character, amount, or legal status of a debt.

>   (10)   The use of any false representation or deceptive means to collect or

attempt

>   to collect any debt.

>   Section 1692f entitled Unfair Practices provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any

debt. Without limiting the general application of the foregoing, the following conduct is a

violation of this section:

>   (1)   The collection of any amount (including any interest, fee, charge, or
>   expense incidental to the principal obligation) unless such amount is
>   expressly authorized by the agreement creating the debt or permitted by
>   law.

>   33.   By acting as it did, Rubin & Rothman violated the above quoted

provisions of the statute because it contained a falsely inflated balance.

>   34.   By adding unlawful costs to plaintiff's balance Rubin & Rothman violated

the above quoted provision of the statute.

>   35.   As a result of the illegal conduct of Rubin & Rothman, plaintiff is entitled

to $210 in actual damages as well as statutory damages pursuant to 1692k.

## COUNT II

## VIOLATIONS OF THE NEW YORK GENERAL BUSINESS LAW § 349

**(Against Rubin & Rothman and Citibank (South Dakota) N.A.)**

36.    Plaintiff incorporates by reference paragraphs 1 through 35 of this Complaint as though fully stated herein.

37.    The conduct of Rubin & Rothman and Citibank (South Dakota) N.A. in charging unlawful fees constitutes deceptive or materially misleading activity that is directed at consumers and caused consumers to suffer financial injuries of having increased debt.

38.    As a result of the unlawful fees which the defendants willfully and intentionally imposed, plaintiff is entitled to damages pursuant to GBL § 349 of $50 plus $630 which is three times actual damages.

## CLASS ALLEGATIONS

39.    Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b) (3).

40.    The first class consists of (a) all individuals (b) with a New York address (c) who have had an action filed against them in a Supreme Court of the State of New York in any county (d) in which Rubin & Rothman is the attorney for the plaintiff (e) where there was a court of lower monetary jurisdiction that was available to hear such dispute and (f) an index fee was imposed on the debtor prior to a judgment being entered for the plaintiff for the amount of money required to allow for such a fee (g) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

41.    The second class consists of (a) all individuals (b) with a New York address (c) who have had an action filed against them in a Supreme Court of the State of New York in any county (d) in which Citibank (South Dakota) N.A. is the plaintiff and/or in which

Rubin & Rothman is the attorney for the plaintiff (e) where there was a court of lower monetary jurisdiction that was available to hear such dispute and (e) an index fee was imposed on the debtor prior to a judgment being entered for the plaintiff for the necessary amount of money to allow for such a fee (g) on or after a date three years prior to the filing of this action and on or before a date 20 days after the filing of this action.

42.     The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class.

43.     There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether the activities of the defendants violates the FDCPA and/or the GBL 349.

44.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

45.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

46.     A class action is superior for the fair and efficient adjudication of this matter, in that:

     a. Individual actions are not economically feasible;

     b. members of the class are likely to be unaware of their rights;

     c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA and GBL § 349.

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

(1)   Statutory damages and actual damages;

(2)   Attorney's fees, litigation expenses and costs of suit;

(3)   Such other and further relief as the Court deems proper.


## DEMAND FOR TRIAL BY JURY


Plaintiff requests trial by jury on all issues so triable.


Dated: New York, New York
        December 10, 2010


The Law Offices of Shimshon Wexler, PC

By:_____
        Shimshon Wexler (SW0770)
        Attorney for Plaintiff
        2664 Broadway
        New York, New York 10025
        Tel: (212)760-2400
        Fax: (917)512-6132
        swexler@collectorabuselaw.com


## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

_____
                Shimshon Wexler

# EXHIBIT A

COUNTY OF ORANGE
---------------------------------------------
CITIBANK (SOUTH DAKOTA) N.A

                           Plaintiff

          -against-                              COMPLAINT (COPY)
ABRAHAM HERSKOVITZ

                       Defendant(s)
---------------------------------------------
Plaintiff, by its attorneys, complaining of the defendant(s), alleges:

          AS AND FOR A FIRST CAUSE OF ACTION

1. Defendant(s) resides in the county in which this action is brought;
   or transacted business in the county in which this action is brought
   in person or through an agent, or this cause of action arose out of
   said transaction.  Plaintiff is not required to be licensed by the
   NYC Dept of Consumer Affairs because it is a passive debt buyer or
   the original creditor.
2. Plaintiff is a national bank located in South Dakota.

   Defendant(s) used a credit card issued by plaintiff and agreed to
   make payments for goods and services charged and/or cash advances
   made upon such card.

4. Defendant(s) failed to make the payments due pursuant to such agreement,
   and $   4,154.44 is now due and owing to plaintiff from defendant(s),
   together with interest on $   4,154.44 from 7/18/10 at the rate of
   .00   % per annum

          AS AND FOR A SECOND CAUSE OF ACTION

5. Defendant(s) accepted plaintiff's statements without objection.

6. By reason thereof, an account was stated between plaintiff and
   defendant(s) in the aforesaid amount.

WHEREFORE, plaintiff demands judgment against defendant(s) in the sum of
$   4,154.44, with interest on $   4,154.44 from 7/18/10 at the rate
of .00   % per annum and the costs and disbursements of this action.

Dated: Islandia, New York
       OCTOBER 28, 2010
                                   RUBIN & ROTHMAN, LLC
                                   Attorneys for Plaintiff
                                   1787 Veterans Highway
                                   Islandia, N.Y 11749
                                   (631) 234-1500

Deponent is an attorney associated with Rubin & Rothman, LLC.  To the best
of deponent's knowledge, information and belief, formed after an inquiry
reasonable under the circumstances, the summons and complaint or the
contentions therein are not frivolous as defined in section 130-1.-(c)
of the Rules of the Chief Adm. and the matter was not obtained through
illegal conduct or in violation of 22 NYCRR 1200.41-a (DR 7-111).

Dated:      OCTOBER 28, 2010      _____/S/_____    _____
                                   ADAM V. ACUFF        KATHRYN N ANDREOLLI

WE ARE ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE
USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
                   NYC OCA LIC  1249720

# EXHIBIT B

NORTH AVENUE EAST
BOX 8
NFORD, N.J. 07018
(908) 931-0017
(908) 931-0660

BY LACOSTE
(FAX HEARINGS)

ATTORNEYS AT LAW
1787 VETERANS HIGHWAY SUITE 32
P.O. BOX 9003
ISLANDIA, N.Y 11749
TEL (631) 234-1500

FAX (631) 234-1138

NYC DCA LIC. 1249720

1-800-298-6058

TREMAINE PAYNE   EXT 166

JOSEPH RUBIN (1927-1994)
KEITH H. ROTHMAN[1]

KATHRYN N. ANDREOLLI[1,2]
MARK BRAVERMAN[1]
SHARI BRAVERMAN[1]
JOSEPH LATONA[1]
SUBY MATHEW[1]
ERIC S. PILLISCHER[1]
SCOTT H. RUMPH[1]
ANGELO L. SIRAGUSA[1]
VALERIE E. WATTS[1]
DIANA K. ZOLLNER[2]

[1]MEMBER N.Y. BAR
[2]MEMBER N.J. BAR

X REPLY TO N.Y. OFFICE
_ REPLY TO N.J. OFFICE

November 8, 2010

ABRAHAM HERSKOVITZ
2 KROLLA DR UNIT 301
MONROE NY 10950-8831

OUR FILE NO: 895486
CURRENT CREDITOR: CITIBANK (SOUTH DAKOTA) N.A
CARD TYPE: THE HOME DEPOT
BALANCE DUE:     $4,364.44

Dear Sir/Madam

As requested by you, we advise that the balance due on your
account is $4,364.44 including interest.

If that sum is paid within the next ten (10) days, it will be
accepted as payment in full.

If payment is made more than 10 days from this date, please call
and we will furnish you with the amount of additional interest
that has accrued.

All checks should be sent to P.O. Box 550, Islandia, New York 11749,
payable to Citibank (South Dakota), N.A. and refer to file #  895486

In addition to personal checks, we accept WESTERN UNION and electronic
(ACH) payments. Some clients - but not all - also accept MASTERCARD
and VISA. You can make electronic payment from your bank
account by calling 1-866-826-2576 or credit card payments by calling
1-866-294-0331, on-line at RRLLC189.com or by calling us during office
hours.

RUBIN & ROTHMAN, LLC

By:     ERIC S. PILLISCHER
        ATTORNEY-AT-LAW

WE ARE ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE
USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.